DANIEL J. BRODERICK, #89424
Federal Defender
CARO MARKS, Bar #159267
Senior Litigator
Designated Counsel for Service
RACHELLE D. BARBOUR, Bar #185395
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700


Attorney for Defendant
ELDON RAY CIBART


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-S-07-290 WBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER TO CONTINUE |
| v. | ) | STATUS CONFERENCE; STATUS REPORT |
| | ) | AND REQUEST FOR CONTINUED FINDING |
| ELDON RAY CIBART, | ) | OF EXCLUDABLE TIME; ~~PROPOSED~~ |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |
| _____ | ) | Date:  August 24, 2009 |
| | | Time:  8:30 a.m. |
| | | Judge: William B. Shubb |

Eldon Ray Cibart, by and through his counsel, Caro Marks, and Laurel White, counsel for the United States of America, hereby submit this stipulation, proposed order and status report to the court. The parties request the court to continue the presently scheduled status conference date of July 6, 2009, to August 24, 2009. The parties continue to anticipate a trial date in early Fall, 2009.

1    As explained in defense counsel's previously filed status report,
2 Mr. Cibart was arraigned in summer, 2007. AFD Ned Smock was assigned to
3 represent him and did so until his departure in March, 2008. Between
4 July, 2007 and March, 2008, Mr. Smock traveled to San Francisco twice
5 to inspect the computer and computer images which were housed at the
6 San Francisco ICE office. Simultaneously, Mr. Smock and paralegal Julie
7 Denny became involved in a protracted discussion with government
8 counsel (at the time, Laura Ferris) about how to make a copy of the
9 hard drive which the defense could keep and analyze without traveling
10 to San Francisco and without running afoul of the Adam Walsh Act. Once
11 the government agreed to clone the hard drive, the defense became
12 embroiled in a prolonged series of events which eventually did result
13 in the making of a mirror-image hard drive.  It, along with hundreds of
14 uncopied computer disks, remains in the custody of the ICE office in
15 San Francisco.
16    Mr. Smock left the office at the end of March, 2008 and the
17 undersigned inherited the case. Between March, 2008 and September,
18 2008, the undersigned met with Mr. Cibart on many occasions; studied
19 Mr. Smock's lengthy analysis of the forensic evidence he had inspected
20 in San Francisco and discussed it with Mr. Cibart; reviewed Mr.
21 Cibart's guidelines; applied for and received authorization for
22 computer expert Tami Loehrs to analyze Mr. CIbart's computer forensics,
23 and undertook in-depth review of Mr. Cibart's case.
24    At the end of September, 2008, the undersigned was in a serious
25 accident and was out of the office until March, 2009. AFD Rachelle
26 Barbour took over the case. Between September, 2008 and March, 2009,
27 Ms. Barbour traveled to San Francisco for a third inspection of the
28 forensic evidence; did research on some of the computer evidence which

1  arose in the case; met personally with Mr. Cibart on multiple
2  occasions, and did research on how the defense could best perform a
3  complete analysis of all the computer forensics given the restrictions
4  of the Adam Walsh Act.
5     In March, 2009, the undersigned return to the office. A meeting
6  with Mr. Cibart revealed that he had decided to go to trial. Since that
7  date, AUSA Laura Ferris left the office of the United States Attorney
8  and AUSA Laurel White took over the case.
9     Once Ms. White was informed Mr. Cibart intended to go to trial,
10 the government promptly set about having its forensic experts and
11 agents in Washington D.C. inspect the forensic evidence. At the same
12 time, Ms. White and defense counsel conferred on how best to arrange
13 for the defense expert, Tami Loehrs, to inspect the forensic evidence.
14 She must analyze both Mr. Cibart's hard drive and the hundreds of disks
15 found when agents searched Mr. Cibart's home. As noted, these items are
16 in ICE custody in San Francisco; a copy of the hard drive has been made
17 for the defense, but the disks have not been copied. Both counsel are
18 actively engaged in discussions how to accommodate the defense need to
19 examine the forensics evidence in light of the Adam Walsh Act.
20    The Adam Walsh Acts presents an obstacle to defense inspection of
21 the computer forensics, as it requires that defense counsel, and any
22 defense forensic expert, examine the computer evidence only in the
23 presence of a government agent in a government, prosecution or law
24 enforcement venue. The Act, among other things, explicitly prohibits
25 the defense from having its own copy of the child pornography (i.e.,
26 computer hard drive, disks, etc.) to examine. This means that either
27 the parties have to agree on a location for Ms. Loehrs to inspect the
28 evidence, or they have to litigate (as have many other parties around

the United States) the constitutionality of that part of the Adam Walsh Act which prohibits the defense from having and inspecting its own copy of the evidence in preparation for trial. AUSA Laurel White has been very agreeable to finding a compromise solution or alternative to the prohibition created by the Walsh Act, but the parties need additional time to allow the government agents to complete their trial-focused inspection of the forensic evidence, and then to turn it over to the defense (hopefully with limited, if any litigation) and allow the defense expert to examine it.

Only after both parties have finished their trial-focused examination of the evidence (hard drive and disks) can they be ready for trial. There are viable defense issues in Mr. Cibart's case, including the very real defense that another person (known to the defense) had access to and used Mr. Cibart's computer during the relevant time period, and the reality that some of the computer images do not constitute child pornography as that term is defined by federal law.

As noted in the previously filed status report, the parties anticipated that trying to resolve the Walsh Act complications and completing both the government's and the defense's trial analyses of the hard drive would take until mid-late summer, given conflicting schedules.  Therefore, the parties move the court to continue the July 6 status conference until August 24, 2009, as due to the above explanations, neither party is ready for trial and there is no point to a status conference. Nevertheless, much has been accomplished since the previously filed status report appearance on or about April 6, 2009.

Moreover, on July 1, 2009, the defendant proposed to defense counsel that he have a bench trial instead of a jury trial. On July 1,

1 | 2009, defense counsel raised this possibility with AUSA Laurel White,
2 | who needs additional time to consider the proposal.  Both counsel
3 | believe tentatively that the chances are good they may move the court
4 | for a trial by judge alone.

5 |     The undersigned, government agents and defense experts will be on
6 | annual or work leave from now through the end of July. Government
7 | counsel is on annual leave beginning August 17, 2009, and defense
8 | counsel is on annual leave for one week starting July 13, 2009. Given
9 | all the work that is yet to be accomplished, the parties move the court
10 | to continue this status conference until August 24, 2009, and to find
11 | excludable time pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and Local
12 | Code T4, for ongoing preparation of counsel.  As noted above, the
13 | parties continue to believe the case will be trial ready in Fall, 2009.
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

The defendant is out of custody and concurs with this stipulation.

Dated:  July 1, 2009

                                    Respectfully submitted,

                                    DANIEL J. BRODERICK
                                  Federal Defender

                                  /s/ Caro Marks
                                  _____
                                  CARO MARKS
                                  Senior Litigator
                                  Attorney for Defendant
                                  ELDON RAY CIBART

                                  /s/ Caro Marks for Laurel D. White
                                  _____
                                  LAUREL D. WHITE
                                  Assistant United States Attorney

                                          **ORDER**

**IT IS SO ORDERED**

Dated: July 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Status report/Cibart/07-290 WBS    -6-