DANIEL J. BRODERICK, Bar #89424
Federal Defender
CARO MARKS, Bar #159267
Senior Litigator
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
ELDON CIBART

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR-S-07-290 WBS |
| Plaintiff, | ) |
| | ) STATUS REPORT AND STIPULATION AND |
| v. | ) ORDER TO CONTINUE BENCH TRIAL AND |
| | ) EXCLUDE TIME UNDER THE SPEEDY |
| ELDON CIBART, | ) TRIAL ACT |
| Defendant. | ) |
| | ) Date: January 20, 2010 |
| _____ | ) Time: 8:30 a.m. |
| | Judge: Hon. William B. Shubb |

It is hereby stipulated between the parties, Assistant United States Attorney Laurel White, and Assistant Federal Defender Caro Marks, attorney for defendant, Elden Ray Cibart, as follows:

The court trial date of November 10, 2009, should be continued until January 20, 2010, for the following reasons:

As explained in defense counsel's previously filed status reports and stipulations, Mr. Cibart was initially indicted in summer, 2007. A superseding indictment was filed in July, 2009. Between those two

1  dates, all counsel[1] accomplished a great deal of work on Mr. Cibart's
2  behalf.  Throughout 2008, the various defense counsel met with Mr.
3  Cibart on many occasions; wrote and revised lengthy analyses of the
4  forensic evidence counsel had thrice inspected in San Francisco;
5  discussed the evidence in depth with Mr. Cibart; reviewed Mr. Cibart's
6  guidelines; applied for and received authorization for computer expert
7  Tami Loehrs to analyze Mr. Cibart's computer forensics, and undertook
8  in-depth review of Mr. Cibart's case.

9  After the superseding indictment was filed in July, 2009, the
10 parties continued to work on the case, preparing it for a <u>court</u> trial.[2]
11 The work was primarily of a forensic nature. Both parties had forensic
12 computer experts examine the hard drives, disks, directories, police
13 reports, and images involved in the case. While the government's
14 experts were in Washington, D.C., the defense expert was in Arizona and
15 did not have the same access to this evidence as the government
16 computer experts.  Counsel entered into months of protracted, though
17 cordial, arrangements to determine the best way for the defense
18 expert, Tami Loehrs, to inspect the two hard drives and other forensic
19 evidence involved in the case.  She completed the requested
20 investigation in October, 2009.  Defense counsel just received a
21 lengthy report from Ms. Loehrs, which it will provide to the government
22 as soon as practicable.

---

[1] Three different defense counsel represented Mr. Cibart (the first, Ned Smock, left the Federal Defender's Office, after which undersigned defense counsel was appointed until an accident kept her out of the office on sick leave From September, 2008 until March, 2009, during which time AFD Rachelle Barbour presented Mr. Cibart), and two different AUSA's prosecuted the case (Laura Ferris until her departure in May, 2009, and then Laurel White, who remains lead prosecutor on the case).

[2] On September 21, 2009, in open court, the defendant waived his right to a jury trial.

cibart: s/o                              -2-

1    Both parties have been actively preparing for the bench trial
2 presently set for November 10, 2009, including the disclosure of newly
3 generated discovery, expert information, computer forensics, and more.
4    In anticipation of the trial, the parties have recently begun
5 discussing facts and elements to which they would agree to stipulate at
6 trial.  These include but are not limited to a stipulation that the
7 minors featured are "real children" as determined by a qualified
8 pediatrician; chain of custody of the hard drives; and a stipulation
9 relative to the government's evidence on BIOS data (computer time
10 series analyses). The parties intend to discuss other potential
11 stipulations so the court trial is limited in length to approximately
12 one week.
13    At the end of September, 2009, defense counsel's mother was
14 diagnosed with cancer, and then suffered severe atrial fibrillation and
15 was twice hospitalized. The most recent hospitalization occurred the
16 week of October 9-15, and occasioned for defense counsel two unexpected
17 trips to San Francisco. Counsel expects to return to San Francisco when
18 her mother commences chemotherapy, some time during the first week in
19 November. Aside from the mental distraction caused by this situation,
20 trial preparation time will clearly be (and to some extent already has
21 been) devoured by counsel's obligation to travel and care for her
22 parent. Therefore, a November 10 trial is not feasible for defense
23 counsel. Defense counsel does not have a "second chair" for this trial.
24    Upon learning the above, counsel conferred with government
25 counsel, who graciously agreed to continue the trial (if, of course,
26 the court would consent).  Government counsel is co-counseling this
27 case with a Department of Justice trial attorney from Washington, D.C.,
28 Mi Yung Park, who has her own trial schedule for Fall 2009 and Winter

2010, including a trial set to start on February 1, 2010. AUSA Laurel White has her own previously scheduled family obligation - also involving the move of an ailing parent - during the month of December, 2009 which she cannot change. Of the three counsel preparing to try the case, none is available for trial, even a short one, until January 20, 2010. However, the fact that this is a court trial combined with counsels' anticipated successful efforts to stipulate to some of the elements and/or facts, means the parties can reasonably foresee that a January 20, 2010 trial would be over no later than January 29, 2010, and almost certainly earlier. In addition, defense counsel will bring in a "second chair" to co-counsel the case with her, in the event that the circumstances described above make her unavailable for a January trial.

Under these circumstances, and given counsel's unforeseen family obligations, the parties successful efforts to save court time by stipulating to facts and elements, and their good-faith belief that a January court trial should last no longer than seven days, the defense requests the court, with the government's agreement, to continue the presently scheduled jury trial from November 10, 2009, to January 20, 2010, and to exclude time under the Speedy Trial Act for the parties' ongoing preparation. The defense still must disclose its expert information and report to the government; the parties still have to discuss the proposed stipulations and draft them, as well as devise additional stipulations; the defense will have to prepare both its expert witness and the defendant for testimony; the government will need the time to review the defense expert's conclusions and discuss them with the government expert, and more. Under the unique circumstances described herein, a continuance of the trial will serve

1   the ends of justice and provide time for trial preparation taking into
2   account the unforeseen family obligations.
3       The defendant is out of custody and concurs with this request.
4       Therefore, IT IS STIPULATED between the parties that the court
5   trial date of November 10, 2009, be continued until January 20, 2010 at
6   9:00 AM.  The time period between the signing of this Order up to and
7   including January 20, 2010, be excluded in computing the time within
8   which trial must commence under the Speedy Trial Act, pursuant to 18
9   U.S.C. § 3161(h)(7)(B)(iv) and Local Code T4, for ongoing preparation
10  of counsel.  The parties request that the Court continue the matter and
11  exclude time in the interests of justice.
12  Dated: October 16, 2009

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

/s/ CARO MARKS
_____
CARO MARKS
Attorney for Defendant
ELDEN RAY CIBART

/s/ CARO MARKS for
    Laurel White
_____
LAUREL WHITE
Assistant United States Attorney

**ORDER**

**IT IS SO ORDERED**

Dated: October 16, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE